UNITED STATES of America, Appellee,

v.

Calvin STRINGER, Appellant.

No. 89–2512.

United States Court of Appeals,
Eighth Circuit.

Submitted March 26, 1990.
Decided May 9, 1990.

---

Pamela LaBruyere, St. Louis, Mo., for appellant.

U.S. Atty., Thomas E. Dittmeier and Asst. U.S. Atty., James G. Martin, St. Louis, Mo., for appellee.

Before ARNOLD, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Calvin Stringer appeals from his convictions for conspiracy to distribute and distribution of cocaine. He was sentenced, after a jury trial, to a total of sixteen months imprisonment, a three-year term of supervised release, and a $250 special assessment. For reversal, Stringer argues the district court[1] erred in (1) admitting evidence regarding four urine samples which tested positive for cocaine use, taken from him during a two-month period of time while he was free on bond; and (2) giving a jury instruction regarding his alleged relationship with a government informant. We affirm.

At the time of his arrest, Stringer was employed at the main post office in St. Louis, Missouri. In June 1988, postal inspectors hired Darlene Scott to work as an informant to investigate and report on the use and sale of drugs by postal employees. In late June and July, Stringer procured cocaine for Scott and Irving Wilbert, a postal inspector, on several occasions.

At trial Stringer admitted procuring the cocaine, but contended that Scott entrapped him. He testified that he obtained cocaine for Scott at her request because of a sexual relationship he alleged they had prior to the time she became a government informant.[2] According to Stringer, during this time Scott got him started on cocaine, but he was "getting away from drugs" when their relationship ended. He testified that by late June 1988, when three of the drug transactions for which he was charged took place, he had not stopped using drugs altogether "but ... had gotten away from [them] a lot more than [he] had doing them with Darlene." When asked if he was still using drugs in 1989 Stringer replied, "That's correct. Very little though."

On cross-examination, the government questioned Stringer about the urine tests. Defense counsel objected on the ground that the prejudicial effect of the evidence outweighed the probative value since Stringer had already admitted using drugs. The court overruled the objection finding the evidence relevant to Stringer's credibility. Stringer then admitted that during a two-month period while he was on bond awaiting trial, his urine tested positive for cocaine use four times.

Later, Stringer objected to the following jury instruction: "Entrapment cannot result from the inducements of a private citizen, but must be the product of conduct by a governmental agent. Any alleged conduct of the informant, Darlene Scott, prior to her becoming a government informant, is not, standing by itself, sufficient to support a claim of entrapment."

On appeal, Stringer argues that: (1) the admission of evidence regarding the urine tests was improper under the general rule that evidence of other crimes not charged in the indictment is inadmissible and that it was more prejudicial than probative; and (2) the foregoing instruction improperly led the jury to believe that his alleged relationship with Scott was unimportant in determining whether he was entrapped.

■ Federal Rule of Evidence 404(b) prohibits the admission of other crimes, wrongs, or acts "to prove the character of

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. Scott testified that she did not meet Stringer until after she became an informant, and never dated him.

a person in order to show action in conformity therewith." We do not believe the urine test evidence was prohibited under Rule 404(b), because it was not elicited to prove Stringer's criminal disposition, but to counter his testimony that he was "getting away" from cocaine and using it "very little." *See United States v. O'Connell,* 841 F.2d 1408, 1422 (8th Cir.) (404(b) is rule of inclusion permitting wrongful act evidence unless tending to prove only defendant's criminal disposition), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 893 (1988), — U.S. —, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989).

Furthermore, even if it could be said that this evidence fit within the parameters of Rule 404(b), such evidence is admissible when it is relevant to an entrapment defense. *United States v. York,* 830 F.2d 885, 894 (8th Cir.1987) (per curiam), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). In the instant case, the evidence could be viewed as relevant to the issue of Stringer's predisposition to distribute drugs, even though it related to a point in time after the events for which he was charged. *See United States v. Lego,* 855 F.2d 542, 546 (8th Cir.1988) (no abuse of discretion in admitting evidence of later criminal activity to show predisposition at earlier time when evidence showed repetitive involvement in same type of criminal activity and negated defendant's alleged limited involvement). Viewed from either perspective, we believe the government's questions were permissible. The prejudicial impact of the evidence would have been relatively slight given Stringer's admission that he continued to use cocaine to some degree.

▆ As far as the jury instruction is concerned, the first sentence of the instruction in question is a correct statement of the law. *See United States v. Leroux,* 738 F.2d 943, 947–48 (8th Cir.1984). The second sentence instructs the jury that if Stringer had a relationship with Scott in the past, that would not be a sufficient basis, in and of itself, for finding he was entrapped. We see no error in this statement.

When analyzing a claim of entrapment, the critical question is "whether the government agent caused or induced the defendant to commit a crime he was not otherwise predisposed ... to commit whenever a propitious opportunity arose." *United States v. Lard,* 734 F.2d 1290, 1293 (8th Cir.1984). Certainly, an earlier relationship between a government agent and the defendant may, in some circumstances, be relevant to the issue. The instruction, however, simply tells the jury that earlier conduct alone does not support a claim of entrapment and there is nothing inconsistent with this statement and the rules concerning entrapment we have set forth above.

The district court's judgment is therefore affirmed.